**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

DANNY LEE WRIGHT,                          :
                                           :
      Claimant,                          :
                                           :
v.                                         :       CASE NO. 3:11-CV-109-CAR-MSH
                                           :       Social Security Appeal
MICHAEL J. ASTRUE,                         :
Commissioner of Social Security,           :
                                           :
      Respondent.                        :
_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for Disability Insurance Benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).   The court's role in reviewing claims brought under the Social Security Act is a narrow one.   The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]   *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).   It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).   The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.   *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.   *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).   The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.   *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).   A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.   42 U.S.C. ▪ 423(d)(1).   In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1]      Credibility determinations are left to the Commissioner and not to the courts.   *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).   It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.   *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. ▪ 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. ▪ 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@.  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for Disability Insurance Benefits (DIB) on February 19, 2008, alleging disability as of January 1, 2004, due to nerve damage in his back, a heart

condition, and diabetes.  (Tr. 166; ECF No. 11.)  Claimant's application was denied, and

Claimant timely requested a hearing before an Administrative Law Judge ("ALJ".  The

Claimant appeared before an ALJ for a hearing on March 2, 2010, and following the

hearing, the ALJ issued an unfavorable decision on March 26, 2010.  (Tr. 13-19.)  The

Appeals Council ultimately denied Claimant's Request for Review on June 23, 2011.

(Tr. 1-3.)  This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case,

the ALJ determined that Claimant had not engaged in substantial gainful activity since

his alleged onset date.  (Tr. 15.)  The ALJ found that Claimant had congenital cervical

fusion at C3-4 with mild spondylosis, cervical radiculopathy, and history of diabetes

mellitus, which were determined to be severe.  (*Id.*)  The ALJ then determined that

Claimant's severe impairments did not meet or medically equal, either individually or

any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  (*Id*.)  The ALJ next found that Claimant had the residual functional capacity

(RFC) to perform medium work with the non-exertional limitations of being able to crawl

only occasionally and reach overhead with the bilateral extremities only frequently.  (Tr.

15.)  The ALJ determined that Claimant could perform his past relevant work as a

machine builder.  (*Id.* at 19.)  Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

The first issue under review in this case is whether the ALJ erred in evaluating the opinion of Claimant's treating physician.  (Cl.'s Br. 6, ECF No. 12.)   Specifically, Claimant contends that the ALJ erred in discounting the "disabling limitations imposed by [his] treating physician" when he "failed to evaluate their consistency with another treating physician's clinical findings or with the results of a [functional capacity evaluation], ultrasound, and nerve conduction/EMG testing."  (*Id.*)  This Court agrees.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it.  *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985).    The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).   The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see*  SSR 96-5p.  The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary

to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

In this case, the record reveals that Dr. Morris, Claimant's treating general practitioner, completed a Multiple Impairment Questionnaire on Claimant's behalf. (Tr. 351-58.) In that questionnaire, Dr. Morris opined that Claimant: could only sit and stand/walk for two hours each in an eight-hour day; would need to get up and move around every 30 minutes for about 30 minutes; could occasionally lift/carry up to 20 pounds and five pounds frequently; couldn't push, pull, kneel, bend, and stoop; and had a moderate limitation in his ability to perform fine manipulations, grasp, turn, and twist objects with his left hand. (*Id.*) Dr. Morris further opined that Claimant's pain interfered with his ability to keep his neck in a constant position, as well as with his ability to pay attention and concentrate. Lastly, Dr. Morris found that Claimant would need to take unscheduled breaks to rest about every 30 minutes for about 10-15 minutes.

Claimant argues that the ALJ's reasons for discounting Dr. Morris' opinions are not based on substantial evidence. A review of the ALJ's findings reveals that the ALJ considered the questionnaire completed by Dr. Morris but found that the responses were not supported by the record, which included his own treatment notes. (Tr. 17.) The ALJ's findings cite to multiple treatment notes which showed unremarkable test results as wells as sporadic treatment since 2004. (Tr. 252-53, 283-308, 326, 336.) The ALJ noted that the questionnaire's answers appeared to be based primarily on Claimant's responses

to the questions.  (*Id.*)  A letter written by Dr. Morris stated that the questionnaire "was completed based on an interview with [Claimant]."  (Tr. 414.)

In support of his argument, Claimant cites to medical records from Dr. Halleck, who began treating Claimant in 2009, which Claimant contends "are not inconsistent" with Dr. Morris' findings.  (Cl.'s Br. 7; Cl.'s Reply Br. 2, ECF No. 14.)  The record reveals that Dr. Halleck ordered several tests run on Claimant with regard to his complaints of neck and shoulder pain, numbness, and pain in his knees and ankles.  (Tr. 360.)

After reviewing the medical records from Dr. Halleck, along with the other medical evidence of record, it is determined that the ALJ erred in failing to properly evaluate the opinion evidence of Claimant's medical providers.  Although the ALJ mentioned some of the testing as ordered by Dr. Halleck along with the subsequent results, he failed to find that the evidence was in any way consistent with the opinions of Dr. Morris.  (Tr. 17.)  The Functional Capacity Evaluation ("FCE") completed by Dr. Halleck appears to be consistent with the abnormal findings of the tests, and not inconsistent with the opinions of Dr. Morris.  As such, the ALJ's decision is found not to be based on substantial evidence.

Upon remand, the ALJ is required to address fully the opinions of Dr. Halleck, and in doing so, the ALJ is reminded of the duty to re-contact the medical providers should the circumstances warrant.  The ALJ is further directed to address Claimant's argument regarding the evaluation of his credibility.

## CONCLUSION

WHEREFORE, for the foregoing reasons it is RECOMMENDED that this case be REMANDED to the Commissioner, pursuant to sentence four, for further proceedings consistent with this recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this the 7th day of November, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE